[Cite as *State v. Bryant*, 2016-Ohio-7336.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                        Court of Appeals No.  L-15-1167

              Appellee                                             L-15-1168

                                          Trial Court No.   CRB-14-17926
v.                                               CRB-14-17413

Dionca M. Bryant                             **DECISION AND JUDGMENT**

              Appellant                          Decided:  October 14, 2016

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Frank J. Simmons, II, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, appellant, Dionca Bryant, appeals the judgments

of the Toledo Municipal Court, following a bench trial, convicting her of one count of

domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree, in

case No. CRB-14-17413, and one count of domestic violence in violation of R.C.

2919.25(C), a misdemeanor of the fourth degree, in case No. CRB-14-17926.  For the

reasons that follow, we affirm.

## Facts and Procedural Background

{¶ 2} The facts from the bench trial[1] reveal that the first count of domestic

violence stems from an incident on October 25, 2014, wherein appellant got into an

argument with the victim, who is the father of appellant's child.  The victim and another

witness who was there at the time, R.B., testified that appellant picked up a rock or brick

and threw it at the victim's face, striking him below the eye.  Pictures of the damage to

the victim's face were entered into evidence.  Appellant, as well as her mother, who was

watching the events through the window of the house, testified that there was a

conversation between appellant and the victim, but that appellant did not yell at the

victim, and did not throw a rock at the victim.

{¶ 3} The second count of domestic violence stemmed from an incident on

November 5, 2014, where appellant went to the car dealership where the victim worked

and threatened him.

{¶ 4} Following the presentation of evidence, the trial court found appellant guilty

of the two charges of domestic violence.[2]  The trial court sentenced appellant to

---

[1] No transcript of the bench trial was available.  Thus, in accordance with App.R. 9(C),
the facts are taken from the parties' affidavits, which the trial court settled and approved.

[2] Appellant was also charged with and found guilty of one count of assault in case No.
CRB-14-17413.  However, that count merged with the count of domestic violence for
purposes of sentencing.

2.

suspended sentences of 180 days in case No. CRB-14-17413, and 30 days in case No. CRB-14-17926.

{¶ 5} Appellant has timely appealed her judgments of conviction, asserting one assignment of error for our review:

> 1. The trial court abused its discretion by allowing testimony into evidence of the defendant's character in the form of prior bad acts.

**Analysis**

{¶ 6} Evid.R. 404(B) provides that "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." In his brief, appellant argues that the trial court erred in allowing the victim and appellant's mother to testify regarding prior times that appellant had attacked the victim. Appellant also raises the state's failure to provide reasonable notice of its intent to use the prior-bad-acts evidence. The state, in its response, argues that the prior-bad-acts testimony was elicited to show that the victim was reasonably fearful of imminent physical harm based on the victim's threats at his workplace. Additionally, the state argues that even if admitting the statements was error, such error was harmless because there was overwhelming evidence of appellant's guilt.

{¶ 7} "The admission of [prior-bad-acts] evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 66. In this case, we conclude that

3.

appellant has failed to establish that the admission of the statements caused material prejudice.

{¶ 8} In reaching our conclusion, we are mindful of "the usual presumption that in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary." *State v. Arnold*, --- Ohio St.3d ---, 2016-Ohio-1595, --- N.E.3d ---, ¶ 39, quoting *State v. White*, 15 Ohio St.2d 146, 151, 239 N.E.2d 65 (1968). Here, appellant's convictions are amply supported by the testimony of the victim and R.B., which is corroborated by the evidence of physical injury to the victim's face. Further, it does not affirmatively appear that the trial court based its finding of guilt on appellant's history of violence towards the victim. Therefore, we hold that the trial court did not commit reversible error in admitting the statements regarding appellant's prior bad acts.

{¶ 9} Accordingly, appellant's assignment of error is not well-taken.

## Conclusion

{¶ 10} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgments of the Toledo Municipal Court are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.     _____
                  JUDGE

Arlene Singer, J.

                 _____
Stephen A. Yarbrough, J.         JUDGE
CONCUR.

                 _____
                  JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.